UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

JAMAR BATTLE,

Defendant.

Crim. No. 2:18-524

OPINION

**WILLIAM J. MARTINI, U.S.D.J.**

A federal grand jury charged Defendant Jamar Battle ("Battle") with being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Battle proceeded to trial and a jury found him guilty. He now moves for judgment of acquittal under Rule 29 or for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. Def.'s Br., ECF No. 43. For the reasons set forth below, the motion is **DENIED**.

## I. BACKGROUND[1]

On the night of July 4, 2018, near the corner of Avon Avenue and Treacy Avenue in Newark, New Jersey, a dispute between Battle and his girlfriend caused Battle to fire his gun at a vehicle driven by a friend of the girlfriend. One of the bullets inadvertently struck and injured a minor who was walking nearby with her father.

Before trial, the Government and Battle stipulated that he had a prior felony conviction and that the firearm or ammunition had traveled in interstate commerce. That left the Government only having to present evidence that Battle knowingly possessed a firearm or ammunition.

Battle filed a motion in limine to exclude the father's testimony about the shooting and the minor's medical records, as neither would show he possessed a gun. The Court agreed with Battle, in part, excluding the medical records, but allowing the father to testify about the shooting without mentioning his daughter's age. The Court further ordered that no parties or witnesses were permitted to mention the minor's age or medical treatment records. Order, ECF No. 26.

At trial, the Government presented evidence that Battle possessed a firearm and ammunition. The Government's case included the testimony of Battle's girlfriend, the friend of the girlfriend whose car was shot at, and an individual who lived in the area

---

[1] The Court will cite the trial transcripts (exclusive of jury selection) as "Trial Tr. Vol. ___." ECF Nos. 37–40.

1

where the incident took place. Their testimonies, along with video surveillance footage, text messages from Battle's cell phone, and phone records, supported a finding that Battle was on Avon Avenue at the time of the shooting. After three days of hearing argument and presenting evidence, including the stipulations, the jury returned a guilty verdict.

## II. LEGAL STANDARD

A court reviews a Rule 29 sufficiency-of-the-evidence challenge "in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt[ ] beyond a reasonable doubt. . . . [and] there is substantial evidence . . . to uphold the jury's decision." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc) (internal quotation marks and citations omitted). The sole task is to determine "whether the jury's verdict is permissible." *United States v. McKee*, 506 F.3d 225, 232 (3d Cir. 2007). "Thus, a finding of insufficiency should 'be confined to cases where the prosecution's failure is clear.'" *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002) (quoting *United States v. Leon*, 739 F.2d 885, 891 (3d Cir. 1984)).

Alternatively, "'the court may vacate any judgment and grant a new trial if the interest of justice so requires.'" *United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006) (quoting Fed. R. Crim. P. 33(a)). When evaluating a motion for a new trial, the court does not view the evidence in the light most favorable to the Government "but instead exercises its own judgment in assessing the Government's case." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (citation omitted). Motions for a new trial "'are to be granted sparingly and only in exceptional cases.'" *United States v. Brennan*, 326 F.3d 176, 189 (3d Cir. 2003) (quoting *Gov't of V.I. v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987)). A court can only order a new trial when it "believes that the jury verdict is contrary to the weight of the evidence . . . [and] 'there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted.'" *United States v. Silveus*, 542 F.3d 993, 1004–05 (3d Cir. 2008) (quoting *Johnson*, 302 F.3d at 150).

## III. DISCUSSION

Battle's motion for post-trial relief raises two main issues. He contends the record lacks necessary evidence to support his conviction. He then asserts the Government made improper statements in rebuttal during closing argument, which compels a new trial.

As to the insufficient evidence argument, the jury was instructed, without objection, that the Government had to prove beyond a reasonable doubt that: (1) the defendant had a prior felony conviction; (2) after his prior felony conviction, the defendant knowingly possessed a firearm or ammunition; and (3) his firearm or ammunition traveled in interstate commerce. Trial Tr. Vol. 3, 421:14–422:5, ECF No. 39; *see United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012) (listing three elements of a Section 922(g)(1) offense). Battle stipulated to the first and third elements. Thus, the only element at play was whether he knowingly possessed the gun or ammunition.

There was substantial evidence here supporting the conviction. The Government relied on testimony from witnesses who placed Battle at the scene of the shooting; video footage showing the shooting victim walking with her father and, minutes later, shots being fired on the same street Battle and his girlfriend were seen having a dispute; testimony that Battle was the shooter in the video; and text messages and phone records from Battle's cell phone confirming his conduct. That evidence was sufficient to uphold the jury's verdict that Battle possessed a gun and ammunition.

Battle also argues the prosecutor made improper statements during rebuttal summation. In the first instance, the prosecutor stated, "So, who is Jamar Battle? What was proven to you in court to support the defense's theory? Because that is all it is in this courtroom right now, is a theory[,] conjecture." Trial Tr. Vol. 3, 406:22–24. The Court sustained the objection to the argument and instructed the jury that the Government always bears the burden of proof; it never shifts to the defense. *Id.* at 408:2–6.

Later in rebuttal, the prosecutor distinguished Battle's rights with the Government's burden, arguing, "But there's someone else in this room that had a right that night. [The shooting victim] had a right to hold her dad's hand and walk down Avon Avenue in Newark." *Id.* at 411:25–412:2. Though the Court sustained Battle's contemporaneous objection, Battle now argues the second statement "further damaged" the Court's curative instruction. Def.'s Br. at 3.

A defendant claiming misconduct during summation must show the Government's statements caused him "substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Brown*, 765 F.3d 278, 296 (3d Cir. 2014) (citation omitted). The court must review "the prosecutor's offensive actions in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant.'" *Id.* (quoting *Moore v. Morton*, 255 F.3d 95, 107 (3d Cir. 2001)). In rebuttal, the Government "should be restricted to answering the arguments put forth by defense counsel." *United States v. Brown*, 765 F.3d 278, 296 (3d Cir. 2014).

This is not one of those "exceptional" cases showing a denial of due process which compels a new trial. *See Brennan*, 326 F.3d at 189. As to the first statement, the prosecutor responded to Battle's implication in summation that Battle was simply at the right place, but it must have been the wrong time. The Court's ameliorative instruction removed any resulting prejudice.

As to the second statement, the Court sustained a contemporaneous objection, holding the prosecutor's argument went beyond the scope of Battle's summation. *See Brown*, 765 F.3d at 296. Thus, the statement produced no serious risk of a miscarriage of justice, especially given the Court's first curative instruction. *See Silveus*, 542 F.3d at 1004–05 (requiring serious danger of a miscarriage of justice for new trial). While Battle argues the second statement "further damaged" the Court's instruction, the Court's numerous instructions to the jury regarding the Government's burden and the substantial evidence of guilt alleviated any potential prejudice. *See United States v. Vohra*, 533 F.

App'x 104, 107–08 (3d Cir. 2013) (finding any error in the prosecutor's rebuttal summation harmless, even absent a limiting instruction, when "the other evidence presented at trial [ ] strongly suggested [the defendant]'s guilt").

Therefore, the objected-to conduct does not warrant a new trial.

## IV. CONCLUSION

Based on the foregoing, Battle's motion for judgment of acquittal and a new trial is **DENIED**. An appropriate order follows.

                                        */s/ William J. Martini*
                                   **WILLIAM J. MARTINI, U.S.D.J.**

**Dated: May 30, 2019**