**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Crim. No. 18-524 |
| v. | |
| **JAMAR BATTLE** | **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.**

A federal grand jury charged Defendant Jamar Battle with possession of a firearm and ammunition, having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). At trial, a jury found him guilty. He now moves for a new trial pursuant to Federal Rule of Criminal Procedure 33. ECF No. 50. For the reasons set forth below, the motion is **DENIED**.

### I.   BACKGROUND

On the night of July 4, 2018, near the corner of Avon Avenue and Treacy Avenue in Newark, New Jersey, a dispute between Battle and his girlfriend caused Battle to fire his gun at a vehicle driven by a friend of the girlfriend. One of the bullets inadvertently struck and injured a minor who was walking nearby with her father. Before trial, the Government and Defendant stipulated that he had a prior felony conviction and that the firearm or ammunition had traveled in interstate commerce. This stipulation of fact was entered into evidence and read to the jury. Counsel for Battle cross-examined the Government's witnesses about the fact that Battle had been in prison from March 2013 until the end of May 2018. *See* Trial Tr. 291:18-25, 292:1-5. During cross-examination of the lead detective involved in the case, it was established that Battle had been in continuous custody from March 29, 2013 until his release on May 22, 2018. *Id.* at 340:15-25. In closing arguments, counsel for Battle stated:

> And you know what the problem with being in a neighborhood is, where people know you, they know you went to jail for five years, they know you just got out, and they also know they got a lot of shootings with a gun they haven't recovered . . . [T]his guy's been incarcerated. Through almost every shooting with this gun he's been incarcerated except for this one. Boy it looks like he fits the mold. Right? He's a prior convicted felon.

Trial Tr. 401:6-10, 403:23-25, 404:1-3.

## II.   DISCUSSION

Defendant argues that the United State Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) entitles him to a new trial. In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. In *Rehaif*, the Defendant was prosecuted under 18 U.S.C. § 922(g)(5), which provides that it "shall be unlawful for any person . . . , being an alien . . . illegally or unlawfully in the United States," to "possess in or affecting commerce, any firearm or ammunition." 139 S. Ct. at 2195. By contrast, Defendant Battle was prosecuted under 18 U.S.C. § 922(g)(1), which provides that it "shall be unlawful for any person . . . convicted or any court of a crime punishable by imprisonment of a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g). In the present case, the jury was not instructed that in order to find the defendant guilty of a violation of § 922(g)(1), it had to find that the defendant had knowledge that he had at least one prior felony conviction at the time he possessed the firearm. On the contrary, the jury was instructed that "[i]t is not necessary that the government prove that the defendant knew that the crime was punishable by imprisonment for more than one year, nor is it necessary for the defendant to have been sentenced to imprisonment for more than one year." Trial Tr. 422:20-24.

### A.   **Plain-Error Review Applies**

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Even if the Court detects error, unless the error is of constitutional dimension, the Court can order a new trial "only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *United States v. Silveus*, 542 F.3d 993, 1004-05 (3d Cir. 2008) (quoting *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002)). Federal Rules of Criminal Procedure 30(d) and 52(b) provide that a party that has failed to object may not seek post-trial or appellate review of the instructional error unless the error is plain. *See* Fed. R. Crim. P. 30(d), Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); *Henderson v. United States*, 568 U.S. 266, 272 (2011) ("Even where a new rule of law is at issue, Rule 52(b) does not give a court of appeals authority to overlook a failure to object unless an error not only 'affects substantial rights' but also 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Because Defendant did not object to the jury instruction, plain-error review applies. *See* Trial Tr. 289:8-11, 439:13-14.

Under the plain-error review standard, to correct "an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights." *United States*

*v. Johnson*, 302 F.3d 139, 153 (2002). If the defendant can meet those three requirements, the Court will not remedy the error unless the defendant can show that it "(4) 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (citation omitted). Reversal—or in this case, a new trial—is warranted on plain-error review only when a defendant can "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal citations omitted). The Government concedes that a plain error occurred at trial when the jury was instructed that the Government did not have to prove that the defendant knew that they were previously convicted of at least one felony prior to possessing a firearm on July 4, 2018. The Government argues that to correct that error and prevail on his motion for a new trial, Defendant must show that the error affected his substantial rights.

### B. The Defendant Has Not Shown a Reasonable Probability of Acquittal Absent Error

Battle has not demonstrated prejudice to his substantial rights because he had knowledge that he belonged to the relevant category of persons barred from possessing a firearm—namely, that he was a convicted felon. Battle stipulated that he "was convicted of a crime punishable by imprisonment for a term exceeding one year, in a court in the State of New Jersey prior to July 4th, 2018." Trial Tr. 357:11-14. Battle elicited evidence through witnesses during the trial that he had been in continuous custody for five year prior to July 4, 2018. Battle's theory of the case involved presenting evidence to the jury that Battle had been imprisoned for the past five years, had been released a few weeks before the shooting on July 4, 2018, and could not have had access to the firearm in such a short period of time. The weight of the evidence establishes, in accordance with logic, that no rational jury would have concluded that Defendant Battle lacked the knowledge that he was, consistent with 18 U.S.C. § 922(g)(1), "convicted . . . of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Consequently, the outcome of Battle's trial would not have differed had the jury received instructions consistent with the Supreme Court's decision in *Rehaif*.

### III. CONCLUSION

For the reasons set forth above, Defendant Jamar Battle's Second Motion for a New Trial, ECF No. 50, is **DENIED**. Sentencing is scheduled for December 19, 2019 at 11:00 a.m. An appropriate order follows.

**Dated: November 26, 2019**

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**